FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 JAN 28  P 1: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| In the Matter of the Arbitration Between: | ) | |
| | ) | |
| ARGONAUT INSURANCE COMPANY | ) | |
| | ) | |
| Respondent (Plaintiff herein) | ) | |
| | ) | |
| vs. | ) | Civil Action No.: |
| | ) | **05  10184 RCL** |
| | ) | |
| FIRST STATE INSURANCE COMPANY | ) | |
| | ) | |
| Petitioner (Defendant herein) | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PETITION TO CONFIRM
ARBITRATION AWARD AND MOTION FOR AN ORDER
CONFIRMING ARBITRATION AWARD AND FOR ENTRY
OF JUDGMENT THEREON**

**INTRODUCTION AND BACKGROUND**

**A.    Introduction**

Argonaut Insurance Company ("Argonaut") seeks an order confirming the final

arbitration award ordering Argonaut to pay First State Insurance Company ("First State")

$259,213.95 and entering judgment thereon.  Argonaut makes its motion pursuant to the Federal

Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and M.G.L.A. 251 § 11.  Because no motion to modify or

vacate the arbitration award was made within three months of the issuance of the final arbitration

award, and because the award was rendered in accordance with the parties' written agreements to

submit their disputes to binding arbitration, Argonaut respectfully suggests that it is entitled to an

order confirming the arbitration award and entering judgment thereon.

1

B. **Background**

First State is a corporation incorporated under the laws of the Commonwealth of Massachusetts, having its principal place of business in Boston, Massachusetts. *See* Petition of Argonaut Insurance Company to Confirm Arbitration Award and for the Entry of Judgment Thereon ("Petition") at 2. Argonaut is a corporation incorporated under the laws of the State of California, having its principal place of business at 250 Middlefield Road, Menlo Park, California. *See* Petition at 1.

On or about March 13, 2002, First State demanded arbitration against Argonaut, pursuant to the terms of the contracts between First State and Argonaut, including contracts (the "reinsurance contracts") identified by the parties as subject to the arbitration. *See* Declaration of Donald J. Buyck ("Buyck Declaration") at 4, submitted in support of Argonaut's Motion. First State demanded arbitration to resolve certain disputes that had arisen between First State and Argonaut with regard to its cession of claims to the reinsurance contracts.

An arbitration panel ("the Arbitration Panel" or "the Panel") was selected per the terms of the arbitration provisions of the reinsurance contracts. *See* Buyck Declaration at 5 and Exhibits 2, 3, 4, and 5 attached thereto. By letter dated April 10, 2002, First State identified Paul Walther as its party-appointed arbitrator. *See* Buyck Declaration at 6. Also by letter dated April 10, 2002, Argonaut identified Arthur Brotter as its party-appointed arbitrator. *See* Buyck Declaration at 6. Edmond Rondepierre was appointed, and agreed to serve as, the third arbitrator or "umpire." *See* Buyck Declaration at 7.

Under the supervision of the Arbitration Panel, the parties conducted discovery. *See* Buyck Declaration at 9. The parties also submitted briefs and evidentiary exhibits to the Panel. On or about April 20-23, 2004, the parties presented witness testimony, documentary evidence,

2

and arguments of counsel to the Arbitration Panel at a hearing on the issues. The hearing was conducted in Boston, Massachusetts. *See* Buyck Declaration at 10. The Arbitration Panel rendered its final award on July 20, 2004. *See* July 20, 2004 arbitration award, attached as Exhibit 8 to the Buyck Declaration.

The July 20, 2004 final arbitration award has not been vacated or modified since issued. First State filed no motion in this or any other Court seeking to vacate or modify that arbitration award. *See* Buyck Declaration at 12. Under the Federal Arbitration Act, 9 U.S.C. § 12, First State had three months within which to serve a notice of motion to vacate, modify, or correct the July 20, 2004 arbitration award. Accordingly, the time allowed for First State to serve a notice of motion to vacate, modify, or correct the arbitration award has expired. As discussed further below, under these circumstances Argonaut is entitled to an order confirming the July 20, 2004 arbitration award and entering judgment thereon.

## LAW AND ARGUMENT

**A.    Under the Federal Arbitration Act, Argonaut is Entitled to an Order Confirming the July 23, 2004 Arbitration Award and Entering Judgment Thereon**

### 1.    This Court Has Jurisdiction to Confirm the Arbitration Award and to Enter Judgment Thereon

The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, mandates granting Argonaut's motion for an order confirming the arbitration award and entering judgment thereon. First, the arbitration award was made after proceedings conducted by an Arbitration Panel selected in accordance with the parties' written agreements to arbitrate disputes arising out of the reinsurance contracts. *See* Exhibits 2, 3, 4, and 5 to the Buyck Declaration. The Arbitration Panel rendered its final award on July 20, 2004. *See* Exhibit 8 to the Buyck Declaration. The arbitration proceedings were conducted within this judicial district in Boston, Massachusetts.

3

The amount awarded by the final award is $259,213.95, an amount well in excess of the statutory requirement for the Court to exercise its diversity jurisdiction. Argonaut has complied with the July 20, 2004 award by issuing First State a check in the amount of $259,213.95, which check has been cashed by First State. *See* Buyck Declaration at 14 and Exhibit 9 to the Buyck Declaration. Under such circumstances, the Court has jurisdiction to confirm the award and to enter judgment thereon.

### 2.    The Court Should Grant This Routine Motion by Confirming the Arbitration Award and Entering Judgment Thereon

"[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). The summary nature of the confirmation process is consistent with arbitration's role as a mechanism for achieving speedy resolution of disputes. *Id.* Limitations on the time within which a party may challenge an award are set by the Federal Arbitration Act as consistent with the goal of speedy and final resolution of disputes through a mutually-acceptable arbitration process. The statute provides that a party aggrieved by an arbitration award must raise its defenses to it within the three-month period prescribed by the Act, 9 U.S.C. § 12. *See Florasynth*, 750 F.2d at 172. There is no statutory or common law exception to the three-month limitations period, and the fact that a motion to confirm the award is made more than three months after the award (but within the one-year time period allowed for such motions) does not operate to permit a party to raise untimely defenses. *Id.* In short, when the three-month limitations period has run without vacation or modification of the arbitration award, any party has the right to assume the award is valid and to obtain confirmation of the award in a summary proceeding. *Id. See also, Holmsten Refrigeration, Inc. v. Refrigerated Storage Center, Inc.*, 357 Mass. 580, 260 N.E.2d 216 (Jun. 8, 1970).

4

In this case, the July 20, 2004 arbitration award has not been vacated or modified. It has been more than three months since the final award, and First State has made no motion seeking vacation or modification of the award, raised any defenses to the award, and has accepted payment of the amount ordered by the award. Accordingly, Argonaut is entitled to confirmation of the award and the entry of judgment thereon in this summary proceeding.

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Petition, the Buyck Declaration, and supporting exhibits, Argonaut Insurance Company respectfully submits that its Motion for an Order Confirming Arbitration Award and Entering Judgment Thereon should be granted.

Respectfully submitted,

ARGONAUT INSURANCE COMPANY

Kevin M. Roche
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
(860) 522-6103 (Telephone)
(860) 548-0006 (Facsimile)

*Of counsel:*
Theresa W. Hajost
HALLORAN & SAGE LLP
1730 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006
(202) 496-9270 (Telephone)
(202) 496-9279 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of January, 2005, a copy of the foregoing Memorandum in Support of Petition to Confirm Arbitration Award and Motion for an Order Confirming Arbitration Award and for Entry of Judgment Thereon was forwarded, postage pre-paid, via First Class mail, to the following:

Lloyd A. Gura, Esquire
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
24 Whitehall Street
New York, NY 10004
*Counsel for First State Insurance Company*

First State Insurance Company
c/o First State Management Group
150 Federal Street, 6th Floor
Boston, MA 02110
(via Certified Mail/Return Receipt Requested)


_____
Kevin M. Roche
*Counsel for Argonaut Insurance Company*

574752-1(HSFP)

6